No. 2427

Second Circuit

---

LOUISIANA AND ARKANSAS RAILWAY CO. v. BOBO; LAWHORN AND FORD SUBSTITUTED AS DEFENDANTS

---

(May 22, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. Louisiana Digest—Slander of Title—Par. 10, 11; Prescription—Par. 56, 57.

Where the plaintiff in a slander of title suit has the better title and also prior constructive possession, the burden of proof is on the defendant to show the exact limits of its actual possession of any portion of the property covered by plaintiff's title, as well as to show that such possession was open, unequivocal and continuous for the period of the prescription pleaded.

Appeal from the Second Judicial District Court, Parish of Webster. Hon. J. S. Richardson, Judge.

Action by Louisiana and Arkansas Railway Company against Ira W. Bobo. Z. R. Lawhorn and John McW. Ford, substituted as defendants.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

A. L. Burford, of Texarkana, and White, Holloman and White, of Alexandria, attorneys for plaintiff, appellant.

Charles M. Roberts, of Minden, attorney for defendants, appellees.

WEBB, J. The plaintiff, Louisiana & Arkansas Railway Company, instituted this action against the defendant, Ira W. Bobo, for slander of title to a small parcel of land, and defendant in answer set up title to the property, claiming that he and his authors in title had been in possession of the property for more than ten years under titles translative of property, and pleading the prescription of ten years.

The evidence shows that the immediate titles as well as the titles through which both parties claim the property, cover the area in conflict as well as other area, and that both parties took actual possession under their titles of a part of the area covered by their titles, but that neither of the parties had actual possession, by enclosures of or constructions upon, any part of the area in contest, unless the fact that there was a roadway over the area in contest could be considered as actual possession of one or the other, which will be considered later.

The immediate titles of both parties as well as the titles of the persons through

whom they claim, are in form translative of property, but the title of plaintiff is of prior date to that of defendant, and while neither of the parties have traced their titles back to the Government, the evidence shows that the immediate author in title of the plaintiff was the husband of the person through whom defendant deraigns his title, and the evidence shows that plaintiff took possession under its title prior to the time title was made by the wife of the author of plaintiff's title, and defendant having the position of a plaintiff in a petitory action, and carrying the burden of proof, the plaintiff had the better record title.

In Moore Planting Co. vs. Morgan's L. & T. R. R. & S. S. Co., 126 La. 840, 53 So. 22, where the law governing the rights of parties claiming ownership of property covered by their respective titles of which neither had actual, physical possession, was exhaustively considered, the court quoted with approval from 1 Cyc. 1130, as follows:

"Where the title to land is in conflict, and each claimant is in possession of a part of the tract, in controversy, the one having the better title, has by his occupation, constructive possession of the whole tract except that which is actually in possession of his adversary. The legal seizin as to the unoccupied portion of the tract follows the legal title, and the *pedis possessio* alone creates an adverse title.

"As against one with actual possession under a valid title, prescription is acquired only by actual adverse possession, continuous, unequivocal, uninterrupted and as owner or on behalf of one assuming to be owner. In the absence of such possession, the civil possession of the original owner is presumed to continue."

And also from Hunnicut vs. Peyton, 102 U. S. 368, 26 Law Ed. 113, where it was said: ·

"It is true that when a person enters upon unoccupied land under a deed or title, and holds adversely, his possession is construed to be coextensive with his deed or title; and the true owner will be deemed to be disseised to the extent of the boundaries described in that title. Still, his possession beyond the limits of his actual occupancy is only constructive. If the true owner be at the time in actual possession of part of the land, claiming title to the whole, he has the constructive possession of all the land not in the actual possession of the intruder, and this though the owner's actual possession is not within the limits of the defective title. The reason is plain: both parties cannot be seized at the same time of the same land under different titles. The law, therefore, adjudges the seisin of all that is not in the actual occupancy of the adverse party to him who has the better title."

The plaintiff here having the better title, and also having prior constructive possession, the burden of proof was upon the defendant to show the exact limits of its actual possession of any portion of the property covered by plaintiff's title, as well as to show that such possession was open, unequivocal and continuous for the period of the prescription pleaded.

The only evidence as to asserted possession is that there was a road on the property, but the evidence does not show the area covered by the road, or by whom it was built, but it shows that the road was used as a street or passageway in the town or village, which we do not think was sufficient to establish adverse possession in the defendant of any portion of the property in contest.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed and that plaintiff, Louisiana & Arkansas Railway Company, have and recover judgment against defendant Ira W. Bobo, and against Z. R. Lawhorn and John McW. Ford, substituted as defendants, recognizing plaintiff as the owner of the following described land situated in Webster Parish, Louisiana, viz:

"A strip of land 35 feet wide by 210 feet long and a strip of land 10 feet wide by 105 feet long, situated in the Northwest quarter of the Northeast quarter of Section seventeen Township twenty-one North Range ten West, said land being situated in the town of Cotton Valley, Louisiana, and more particularly described as follows:

"Commencing at the point of intersection of the section line between Sections eight and seventeen, Township twenty-one, North, Range ten West, with the eastern line of the right of way of the Louisiana & Arkansas Railway Company, as a point of beginning; thence run east thirty-five feet along the section line between sections eight and seventeen, to a stake; thence in a southerly direction parallel to the right of way of the Louisiana & Arkansas Railway Company, about two hundred and ten feet to the point of intersection of the line dividing the lots of said land belonging to J. J. Crow and Sam Coyle; thence in a westerly direction about twenty-five feet along said dividing line between the property of J. J. Crow and Sam Coyle to a stake ten feet distant from the eastern line of the right of way of the said Louisiana & Arkansas Railway Company; thence in a southerly direction parallel to the right of way of the Louisiana & Arkansas Railway Company about one hundred and five feet to the point of intersection with the line dividing the plots belonging to Sam Coyle and the Louisiana & Arkansas Railway Company, the plot of land belonging to the Railway Company being the one on which the section house at Cotton Valley is situated; thence in a westerly direction along the dividing line between the property of Sam Coyle and the Louisiana & Arkansas Railway Company about ten feet to the point of intersection of the eastern boundary of the right of way of the Louisiana & Arkansas Railway Company; thence in a northerly direction following the eastern boundary of said right of way three hundred and fifteen feet to the point of beginning."

It is further ordered, adjudged and decreed that the plaintiff have and recover judgment against the defendant for all costs.